**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――

**No. 25-1861**

―――――――――

NORMA ORTENCIA CUC TZI,

        Petitioner,

    v.

TODD BLANCHE, Acting Attorney General,

        Respondent.

―――――――――

On Petition of Review of an Order of the Board of Immigration Appeals.

―――――――――

Submitted:  June 1, 2026                           Decided:  July 31, 2026

―――――――――

Before GREGORY and BERNER, Circuit Judges, and TRAXLER, Senior Circuit Judge.

―――――――――

Petition denied by unpublished per curiam opinion.

―――――――――

**ON BRIEF:**  Jessica M. Carter, TUCKER, NONG & ASSOCIATES, PLLC, Vienna, Virginia; William F. Mason, MASON & BLACK, LLP, Alexandria, Virginia, for Petitioner. Brett A. Shumate, Assistant Attorney General, Cindy S. Ferrier, Marie V. Robinson, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

―――――――――

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In this appeal from the Board of Immigration Appeals, Defendant Norma Ortencia Cuc Tzi challenges the Board of Immigration Appeals' decision affirming the Immigration Judge's denial of asylum, withholding of removal and protections under the Convention Against Torture.

On January 20, 2013, Ms. Cuc Tzi entered the United States near Hildago, Texas, without valid entry documents and after expressing fear of returning to Guatemala, underwent a credible fear interview. At her declaration, she told the asylum officer she feared returning due to years of domestic abuse by her ex-partner, Ernesto Ambrosio, who began abusing her several months after they started their relationship in 2005 and included physical abuse, threats and sexual assault. She described a 2007 incident in which her ex-partner threatened her with a knife after she left home without permission. In 2010, he also physically assaulted her in front of their children until her aunt intervened, her mother called the police, and officers responded. According to her declaration, police initially treated the matter as a family dispute but later ordered Mr. Ambrosio to provide financial support; she later left him in October 2010, but the harassment continued, and she also disclosed having lived in Belize from 2005 to 2008. The officer found her fear credible, referred her case to immigration court, and the Department of Homeland Security charged her as removable. This account formed the basis of her initial claim, though aspects of her story would later change during the proceedings.

At her merits hearing, Ms. Cuc Tzi testified that she met Mr. Ambrosio while working in Belize and that the abuse began in 2006 when she became pregnant with their

2

first child. She described the physical abuse, restrictions on her ability to work or leave the house, and the 2007 knife incident. Unlike her written declaration, she testified that after the knife accident, Mr. Ambrosio later returned home intoxicated and raped her. She also recounted the October 2010 assault, claiming that when the police arrived, they told her that he had the right to beat her because she had asked him for money and warned her not to do it again. Ms. Cuc Tzi stated that after moving to her parents' home, she had no direct contact with Mr. Ambrosio and received only indirect threats through others. On cross-examination, the Government confronted her with inconsistencies among her testimony, written declaration, and her credible fear interview. These discrepancies included the timing of the abuse, the length of her stay in Belize, what occurred after the 2007 knife incident, and whether Mr. Ambrosio contacted her after their separation. Ms. Cuc Tzi either denied recalling certain prior statements or insisted that the hearing testimony was the most accurate account of events.

The Immigration Judge denied all relief, finding Ms. Cuc Tzi not credible based on multiple inconsistencies and concluding that she failed to establish eligibility for asylum, withholding of removal, or CAT protection. On appeal, the Board of Immigration affirmed the adverse credibility finding and upheld the denial of CAT relief, determining she had not shown a likelihood of future mistreatment with government acquiescence. Ms. Cuc Tzi then timely petitioned for review.

On appeal, Ms. Cuc Tzi contends that the agency erred in denying her applications for asylum, withholding of removal, and CAT protection. We review the decisions of both Immigration Judge (IJ) and the Board of Immigrations (BIA), considering the IJ's

3

reasoning to the extent it is adopted or incorporated by the BIA. *Herrera-Alcala v. Garland*, 39 F.4th 233, 240 (4th Cir. 2022). Factual findings, including those regarding the likelihood of future torture, are reviewed for substantial evidence, while legal conclusions are reviewed *de novo*; under this highly deferential standard, such findings are conclusive unless any reasonable adjudicator would be compelled to reach the opposite conclusion. *Garcia Hernandez v. Garland*, 27 F.4th 263, 268 (4th Cir. 2022); 8 USCS § 1252(b)(4)(B); *Ponce-Flores v. Garland*, 80 F.4th 480, 482 (4th Cir. 2023). Even if the record could plausibly support a different outcome, reversal is warranted only when the evidence not only supports but compels that result, and we may consider the BIA's reasoning for its persuasive value based on its thoroughness, validity, and consistency. *Tang v. Lynch*, 840 F.3d 176, 178 (4th Cir. 2016); *Oliva v. Lynch*, 807 F.3d 53, 58 (4th Cir. 2015).

On review, we find no basis to disturb the agency's adverse credibility determination. We recognize that survivors of domestic violence may not always provide perfectly consistent accounts of their experiences. The psychological effects of trauma, fear, and shame can affect memory and the manner in which events are recounted, and minor inconsistencies alone should not undermine the credibility of such allegations. Here, however, the inconsistencies in Ms. Cuc Tzi's accounts are pervasive and significant, extending to material aspects of the events at issue. On this record, we cannot conclude that the legal standard for reversal has been satisfied.

The Immigration Judge and the BIA identified cogent reasons supported by the record, including conflicting accounts of when the abuse began, the 2007 incident, the 2010

4

encounter with the police, and statements regarding post-separation contact with former partner. Although no single discrepancy is dispositive, the agency could reasonably view them collectively as a pattern of inconsistencies undermining Ms. Cuc Tzi's credibility, and substantial evidence supports the determination of denial of asylum and withholding of removal.

Because Ms. Cuc Tzi was found not credible, she was required to present independent, reliable evidence showing that it is more likely than not she would be tortured in Guatemala by or with the acquiescence of a public official, but the record does not compel such a conclusion. *Herrera-Martinez v. Garland*, 22 F.4th 173, 185 (4th Cir. 2022). Substantial evidence therefore supports the agency's denial of CAT protection, as her claim rests primarily on alleged abuse by her ex-partner and lacks proof of a particularized risk of torture upon return.

After a thorough review of the appellate record and the parties' submissions, we find no error warranting reversal.

* * *

Accordingly, we reject all of Ms. Cuc Tzi's appellate claims and affirm the judgment below. We also conclude that oral argument is unnecessary, as the facts and legal issues are fully set forth in the record and further discussion would not assist in our decision process.

*PETITION DENIED*

5